MMS:MEC
F. #2016R00405

FILED
CLERK

2016 APR 20  PM 1:11

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

FAITH ESIMAI and
LYDIA HILLS,

          Defendants.

- - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **CR 16   0204**
(T. 18, U.S.C., §§ 1512(c)(2), 1512(k), 2 and 3551 et seq.)

**GLASSER, J.**

**KUO, M.J.**

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    Background

     A.    The Defendants

         1.    On April 23, 2010, the defendant FAITH ESIMAI pleaded guilty in United States v. Faith Esimai, et al., (Docket No. 09 Cr 00978 (DLC)) in the United States District Court for the Southern District of New York to conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 1349 (the "SDNY Case"). On July 27, 2010, ESIMAI was sentenced to seventy months' imprisonment and three years supervised release, ordered to pay $4,952,831.73 in restitution (the "Judgment") and ordered to forfeit to the government $13,517,486 in criminal proceeds (the "Forfeiture Order"). ESIMAI completed her prison

2

sentence in 2015 and was subject to the terms of supervised release.

2. The defendant LYDIA HILLS was an attorney admitted to practice law in the State of New York who had an office located at 907 Fulton Street, 2nd Floor, Brooklyn, New York. HILLS was also licensed as a real estate broker by the New York State Department of State. HILLS was the niece of the defendant FAITH ESIMAI.

B. Short Sale

3. A mortgage "short sale" was a pre-foreclosure sale of real property where the property was sold for less than the balance due on the mortgage for that property. If the bank or the mortgage company holding the mortgage agreed to a "short sale," a mortgager could sell the property and pay all or a portion of the mortgage with the proceeds. A mortgager did not receive any of the proceeds of the "short sale."

C. John Doe

4. John Doe, an individual whose identity is known to the Grand Jury, operated a business in which he frequently bought, sold and invested in real estate through "short sales."

II. The Four Subject Properties

5. The defendant FAITH ESIMAI owned the following properties: (1) 215-38 112th Avenue Queens, New York ("Property 1"); (2) 100-24 197th Street Queens, New York ("Property 2"); (3) 205-21 110th Avenue, Queens, New York ("Property 3"); and (4) 72-17 Burchell Avenue, Queens, New York ("Property 4") (together, the "Four Properties"). ESIMAI held a mortgage for each of the Four Properties.

6. In connection with the Judgment and Forfeiture Order, the United States Attorney's Office for the Southern District of New York ("USAO-SDNY") filed liens against the Four Properties to prevent ESIMAI from selling the Four Properties without first satisfying the Judgment and Forfeiture Order.

7. In or about March 2016, after the defendant FAITH ESIMAI was released from prison, the balance due on each of the mortgages for the Four Properties exceeded the fair market value of each property.

III. The Obstruction Scheme

8. In or about early March 2016, the defendants FAITH ESIMAI and LYDIA HILLS approached John Doe and offered to sell him the Four Properties in a short sale. In connection with the short sale, ESIMAI and HILLS demanded that John Doe pay a 6% broker's fee to HILLS and $25,000 in United States currency to ESIMAI for each of the Four Properties. John Doe subsequently agreed to purchase the properties and make the requested payments. HILLS agreed to arrange for the USAO-SDNY liens to be released on the Four Properties by falsely informing the USAO-SDNY that ESIMAI would not be receiving any proceeds from the short sales.

9. On or about March 9, 2016, John Doe emailed the contracts of sale for the Four Properties to the defendant LYDIA HILLS, and the defendant FAITH ESIMAI subsequently signed them.

10. On or about March 15, 2016, the defendant LYDIA HILLS faxed a letter on the defendant FAITH ESIMAI's behalf to the USAO-SDNY requesting that the USAO-SDNY release its lien on Property 4 in order to consummate a short sale of the

4

property. The letter falsely stated, as HILLS then knew and believed was not true, that the defendant FAITH ESIMAI would not receive any financial benefit from the short sale.

11. On or about April 6, 2016, the defendants FAITH ESIMAI and LYDIA HILLS met with John Doe in the Eastern District of New York. During this meeting, John Doe delivered $33,100 in United States currency to ESIMAI and HILLS which represented ESIMAI's $25,000 payment and HILLS's broker fee of 6% of the $135,000 stated contract price for Property 4.

## COUNT ONE
(Conspiracy to Obstruct an Official Proceeding)

12. The allegations contained in paragraphs 1 through 11 are realleged and incorporated as though fully set forth in this paragraph.

13. On or about and between March 1, 2016 and April 6, 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FAITH ESIMAI and LYDIA HILLS, together with others, did knowingly, intentionally and corruptly conspire to obstruct, influence and impede an official proceeding, and attempt to do so, to wit: the enforcement of the Judgment and Forfeiture Order in the SDNY Case, contrary to Title 18, United States Code, Section 1512(c)(2).

(Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

## COUNT TWO
(Obstruction of an Official Proceeding)

14. The allegations contained in paragraphs 1 through 11 are realleged and incorporated as though fully set forth in this paragraph.

5

15. On or about and between March 1, 2016 and April 6, 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FAITH ESIMAI and LYDIA HILLS, did knowingly, intentionally and corruptly obstruct, influence and impede an official proceeding, and attempt to do so, to wit: the enforcement of the Judgment and Forfeiture Order in the SDNY Case.

(Title 18, United States Code, Sections 1512(c)(2), 2 and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2016R00405

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*FAITH ESIMAI and LYDIA HILLS,*

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 1512(c)(2), 1512(k), 2 and 3551 et seq.)

*A true bill.*

_____
Foreperson

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____
Clerk

Bail, $ _____

_____

*Martin E. Coffey, Assistant U.S. Attorney (718) 254-6157*